UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER McKINNEY,

Plaintiff,

v.　　　　　　　　　　　　　　　CASE No. 8:08-CV-2318-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

_____

# ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security fails adequately to evaluate the plaintiff's subjective complaints, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-seven years old at the time of the initial administrative hearing and who has a tenth grade education (Tr. 531),

_____

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

has worked primarily as a maintenance supervisor (Tr. 185). He filed a claim for Social Security disability benefits, alleging that he became disabled due to back and knee problems and depression. The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received, in two phases, a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disease of the right knee with multiple arthroscopic surgeries; multi-level degenerative disease of the lumbar spine with surgery (lumbar laminectomies at L4 and L5 and diskectomy at L4-L5); major depression; panic disorder; post-traumatic stress disorder; and, active dependence and avoidant personality disorder traits" (Tr. 17). The law judge concluded that the plaintiff had the residual functional capacity to perform sedentary work (Tr. 21). More specifically, the law judge found that the plaintiff "can lift ten pounds, needs a sit/stand option at will, can occasionally stoop, cannot squat, kneel, crawl, or climb ladders/ropes/ scaffolds, and can do simple work only" (<u>id</u>.). The law judge determined that these limitations prevented the plaintiff from performing past work (Tr. 23). However, based upon the testimony of a vocational expert, the law judge

concluded that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as ticket checker, final assembler, and lens inserter (Tr. 24). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

In June 2002, the plaintiff injured his back and right knee in a fall at work. He continued to work for more than a year thereafter. However, problems with his back and knee subsequently led to surgeries. As the law judge noted, the plaintiff has had multiple arthroscopic surgeries of the right knee and lumbar laminectomies at L4 and L5, and diskectomy at L4-L5 (Tr. 17). The law judge concluded that the plaintiff's back and right knee problems, along with mental impairments, limited the plaintiff to a range of sedentary work, but did not render him totally disabled (Tr. 21).

The plaintiff challenges the law judge's decision on the grounds that the law judge erred in disregarding functional limitations opined by a treating physician and in discounting the plaintiff's testimony regarding pain (Doc. 19, pp. 3, 7). The latter contention has merit and warrants reversal.

The law judge summarized the plaintiff's testimony regarding pain as follows (Tr. 22-23):

> The claimant has premised his claim for disability secondary to the injuries he sustained in 2002 to his right knee and low back. The claimant has indicated that he is in constant pain. He indicated that he has difficulties lifting items on a regular basis, and indicated that overhead reaching, walking, bending, and standing were difficult. The claimant said, in particular, that he could lift 15 to 17 pounds, stand for only one-half hour, walk for only 25 to 30 minutes, and sit for only one hour at a time.

The plaintiff also testified that his constant pain interfered with his concentration (Tr. 537). He said further that he has trouble reaching downward because he cannot really bend or squat, so that he has to use a device to pick up something (Tr. 539).

The law judge was required to assess these complaints of pain under the Eleventh Circuit's pain standard. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of

such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In this case, the law judge merely stated (Tr. 23):

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.

This type of boilerplate statement is regularly seen in Social Security cases. However, it is usually followed by a more detailed explanation. When it is not, I have reversed, or recommended reversal, due to an inadequate credibility determination. For example, the exact same wording was used in Mai v. Astrue, 2008 WL 398985 at *3 (M.D. Fla. 2008), and held to be an inadequate credibility determination constituting reversible error. See also, e.g., Tolley v. Barnhart, Case No. 8:05-CV-420-T-27TGW

(Doc. 15, p. 7); Cromartie v. Barnhart, Case No. 8:04-CV-322-T-26TGW (Doc. 7, p. 6).

In this case, there is no explanation shedding light on the boilerplate statement. The paragraph following the statement addresses the weight given to various medical opinions (Tr. 23). In the absence of a cogent discussion of the credibility determination, the statement is too general to permit meaningful judicial review. See Marbury v. Sullivan, 957 F.2d 837, 840 n.2 (11th Cir. 1992); Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Furthermore, as the plaintiff points out (Doc. 19, pp. 7-8), the statement fails to comply with Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.), which admonishes against such conclusory statements.

Arguably in this case, the limitations the plaintiff testified to with respect to standing, walking, and sitting are accommodated by the restriction to sedentary work with a sit/stand option. However, the law judge made no statement along those lines. Moreover, he left unclear what aspect of the plaintiff's testimony he found credible and what aspect he did not.

In any event, the lack of an articulated credibility determination leaves unexplained what conclusion the law judge reached concerning the plaintiff's testimony about impairments of reaching and concentration. The law judge acknowledged, at least partially, the plaintiff's testimony about reaching (Tr. 22). However, he did not include any reaching limitations in his residual functional capacity determination or in his hypothetical questions to the vocational expert. Thus, he implicitly rejected the testimony about reaching limitations. Of course, since that testimony was not discussed, the law judge obviously provided no reasons for that implicit rejection.

The Commissioner attempts to fill that void by arguing that the testimony concerning reaching should be discounted (Doc. 20, p. 16). That argument will not suffice, however, because post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. <u>Motor Vehicle Manufacturers Association of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 50 (1983). The responsibility for making credibility determinations is placed with the law judge, and not with the Commissioner's lawyer.

Accordingly, the Commissioner's argument does not remedy the deficient credibility determination.

In addition, the plaintiff testified that, due to his constant pain, his concentration was impaired (Tr. 537-38). The law judge did not even mention that testimony, much less evaluate it. Thus, there is no basis provided for the implicit rejection of that testimony.

Furthermore, the inclusion in the residual functional capacity of a restriction to "simple work only" does not accommodate an impairment in concentration. A limitation to simple work merely means unskilled work. See Vuxta v. Commissioner of Social Security, 194 Fed. Appx. 874, 878 (11th Cir. 2006)(unpub. dec.). Accordingly, the limitation to simple work does not render harmless the law judge's failure to evaluate the plaintiff's testimony that his concentration is impaired due to constant pain.

In sum, the law judge's credibility determination was not adequately explained. This failure warrants reversal.

The plaintiff, as indicated, also challenged the law judge's decision on the ground that the law judge failed to give proper weight to the opinion of Dr. Jorge J. Inga. Dr. Inga filled out a residual functional capacity

questionnaire which essentially opined that the plaintiff was totally disabled (Tr. 203-09). The law judge said he gave no great weight to that assessment because it was "contrary to the doctor's own notes of stable findings and the testimony of Dr. [John] Axline," a medical advisor (Tr. 23). Those are valid reasons for discounting Dr. Inga's assessment. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 15th day of January, 2010.

  _____
  THOMAS G. WILSON
  UNITED STATES MAGISTRATE JUDGE